NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 22 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BETZABE QUEVEDO-DIAZ, et al.,

Petitioners,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No. 25-1061

Agency Nos.
A213-550-226 and A220-148-850

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2026**
Pasadena, California

Before: FRIEDLAND and MILLER, Circuit Judges, and VITALIANO, District
Judge.***

Petitioners Betzabe Quevedo-Diaz and A.R.-Q., her minor son, both natives

and citizens of Guatemala, petition for review of an order of the Board of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Eric N. Vitaliano, United States District Judge for the
Eastern District of New York, sitting by designation.

Immigration Appeals ("BIA") dismissing their appeal from an immigration judge's ("IJ") order denying their application for asylum, statutory withholding of removal, and relief under the Convention Against Torture ("CAT").[1]

Because BIA adopted the immigration judge's decision in full, citing *Matter of Burbano*, 20 I. & N. Dec. 872 (B.I.A. 1994), "we review the IJ's order as if it were the BIA's." *Chuen Piu Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011). We review questions of fact by applying the substantial evidence standard, *Ruiz v. Bondi*, 163 F.4th 586, 592 (9th Cir. 2025), but we review questions of law de novo, *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020).

Petitioners peg their requests for asylum and statutory withholding of removal to their fear of a retaliation campaign already set in motion by a criminal gang in Guatemala that had perpetrated financial fraud against them. Seeking justice, petitioners filed two criminal complaints, one against the gang for the fraud, and the other for an attempted retaliatory kidnapping of A.R.-Q. The IJ correctly held, however, that petitioners failed to make the requisite showing that their proposed "particular social group" ("PSG") consisting of "individuals who have publicly

---

[1] A.R.-Q. is a party to this appeal as a derivative of his mother's asylum application. *See* 8 U.S.C. § 1158(b)(3)(A); 8 C.F.R. § 1208.21. He does not have derivative status for statutory withholding of removal under the Immigration Nationality Act or for CAT withholding. *See* 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 1208.16. There is no other request for relief pending with respect to A.R.-Q. *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005).

opposed the criminal organization and cooperated with the authorities" is "perceived or recognized as a group by society in Guatemala." *Conde Quevedo*, 947 F.3d at 1243. Petitioners contend that the agency overlooked evidence of social distinction, but they point to no material evidence that Guatemalan society perceives or recognizes such a group.

Petitioners also fail to vault the "high bar" confronting CAT claimants. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 751 (9th Cir. 2022). Petitioners' application to withhold removal on this ground does not rise to the level of demonstrating "past torture," upon which an assessment of the likelihood of future torture is ordinarily made. *See Nuru v. Gonzales*, 404 F.3d 1207, 1218 (9th Cir. 2005). Although clearly condemnable, the threats, attempted kidnapping of A.R.-Q., and other tribulations that petitioners endured in Guatemala constitute "lesser forms of cruel, inhuman or degrading treatment," rather than "torture." *Garcia v. Wilkinson*, 988 F.3d 1136, 1147-48 (9th Cir. 2021) (quoting 8 C.F.R. § 1208.18(a)(2)).

Petitioners' reliance on generalized conditions does not satisfy their obligation to show that they have an ongoing "particularized" risk of future torture in Guatemala. *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706-07 (9th Cir. 2022). Simply put, there is no evidence indicating that it is "more likely than not" that petitioners would be tortured if removed to Guatemala, and the denial of CAT relief

25-1061

is amply supported by the record. *Singh v. Bondi*, 130 F.4th 1142, 1148 (9th Cir. 2025).

Petition **DENIED.**[2]

---

[2] The temporary administrative stay of removal is lifted, and the motion to stay removal, Dkt. No. 3, is denied.